STATE EX REL. MCDONALD and another, Respondents, vs. NEMACHEK and others, constituting the State Highway Commission, Appellants.

*April 4—April 30, 1929.*

For the appellants there was a brief by the *Attorney General* and *Adeline J. Meyer,* assistant attorney general, and oral argument by *Miss Meyer.*

*Robert A. Kaftan* of Green Bay, for the respondents.

CROWNHART, J. The defendants contend that the relators cannot sue the state except in the manner provided by sec. 285.01 of the Statutes; that *mandamus* will not lie because relators have an adequate remedy at law; because the act sought to be enforced involves discretion on the part of defendant state officials; the defendants have legally exercised their discretion; and because the writ will not lie to enforce a disputed and unliquidated claim against the state.

The petition clearly shows that the claim grows out of a contract between the petitioners and the state. It appears that in doing the work under the contract certain conditions appeared, not anticipated when the contract was entered into, which necessitated additional work by the contractors, and it is over this additional work that the dispute as to compensation arose. It is apparent from the petition that the defendants made an estimate covering the work, but that the petitioners contend that such estimate is not a "true" estimate. They demand that the commissioners make a "true" estimate according to petitioners' conception of what the true estimate should be. Petitioners allege it to be the duty of the

commission, under the statutes, "to make the true estimates of said work," which they failed to do. The statute, sec. 84.06, provides:

"Contracts for all construction performed under this chapter shall be between the state and the contractor and payments shall be made from time to time by the state treasurer upon estimates and orders of the commission."

The statute clearly implies that the commission shall use judgment and discretion. Its function is not limited to acceptance of the contractors' estimates. There is no allegation in the petition that the commissioners have failed to exercise their judgment and discretion in making an estimate of the work done, but the allegation is that they refuse "to make such *true* estimates of the petitioners' work and to issue orders for payment upon the state treasurer for the *true* amount due the petitioners, but on the contrary *insist upon the making of estimates and giving of orders far below the true amount.*"

There cannot be any misunderstanding as to the meaning of the petition. There is a dispute between petitioners and the commission as to the amount due. The contract is not between the commission and the petitioners, but it is between the state and the petitioners. If there is anything due the petitioners, it is due from the state. The commission is merely the agent of the state.

It is fundamental that before an officer can be compelled to perform an act, the duty must be clear. *State ex rel. Rowe v. Krumenauer,* 135 Wis. 185, 188, 115 N. W. 798. The relator applying for a writ of *mandamus* must set forth facts showing his clear right to the writ. *State ex rel. Smith v. Drake,* 83 Wis. 257, 260, 53 N. W. 496. That *mandamus* will not lie to control the exercise of discretion of an official to pay an unliquidated claim, or where there is an adequate remedy at law, is too well settled to need citation of authority. The making of the estimates as demanded

involves discretion on the part of the commission. The claim is disputed and unliquidated. There is a specific and adequate remedy at law. Sec. 285.01, Stats., provides:

"285.01 It shall be competent for any person deeming himself aggrieved by the refusal of the legislature to allow any just claim against the state to commence an action against the state by filing a complaint, setting forth fully and particularly the nature of such claim, with the clerk of the supreme court either in term time or vacation."

Then a full and adequate procedure and remedy follow.

The petitioners claim that the fund out of which this claim is to be paid is a trust fund set apart for the particular purpose. This proposition needs no discussion. The fund is a state fund appropriated for highway purposes. All state funds must first be appropriated by the legislature before they can be drawn out of the treasury. But such appropriation does not constitute the fund a trust fund in which the petitioners have any special interest.

The petitioners cite *People ex rel. Desiderio v. Conolly,* 238 N. Y. 326, 144 N. E. 629, and *Draper v. Anderson,* 102 W. Va. 633, 135 S. E. 837, as supporting their contentions. In each of these cases the court held that the duties of the officers were ministerial. If such were the facts here, *mandamus* would lie, but that is not the case.

*By the Court.*—The order of the circuit court is reversed, with directions to quash the writ of *mandamus* and dismiss the petition.

ESCHWEILER, J., dissents.