[Civ. No. 10997.   Second Appellate District, Division Two.—August 5, 1936.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. GERTRUDE H. ROUNSAVELLE et al., Respondents.

Ray L. Chesebro, City Attorney, Leon Thomas David, Assistant City Attorney, and Arthur Loveland, Deputy City Attorney, for Petitioner.

Everett W. Mattoon, County Counsel, and J. H. O'Connor, Assistant County Counsel, for Respondents.

McCOMB, J., *pro tem.*—This is an original proceeding for a writ of mandate to compel the officers of the board of education of the city of Los Angeles (which is the governing body of the following school districts: Los Angeles City School District of Los Angeles County, Los Angeles City High School District of Los Angeles County, and Los Angeles City Junior College District of Los Angeles County), the superintendent of schools of the county of Los Angeles, and the auditor of the county of Los Angeles to pay certain claims of petitioner for money expended in connection with (1) a special recall election of certain members of the board of education, (2) a primary nominating election for the nomination and election of the board of education, and (3) a general election for the election of the members of the board of education.

The conceded facts are:

At the recall, special and general elections pertaining to members of the board of education above referred to there were placed upon the ballots at each election, matters of purely municipal character as distinguished from school district affairs, which were at the same time submitted to the electorate. The boundaries of the petitioner and respondent school district are not coextensive.

This is the sole question presented for our determination:

*Is a writ of mandamus available as a remedy to compel the payment of a claim against a municipality, if such claim is not liquidated or capable of exact determination by mathematical computation?*

This question must be answered in the negative. Before a writ of mandate will issue to compel an officer or

board to allow a claim against a municipality, it is essential that the claim be liquidated or be capable of exact determination. This remedy is not available to enforce the payment of a claim unliquidated and indefinite in amount. (38 Cor. Jur. 761; *Williams* v. *State*, 127 Ohio St. 398 [188 N. E. 654, 656]; *State* v. *Nemachek*, 199 Wis. 13 [225 N. W. 170, 172].)

In the instant case it is conceded that the amount of petitioner's claim is not liquidated or capable of exact determination by mathematical computation, for the amounts to be charged respectively to petitioner and respondents for the cost of printing the ballots at the various elections is not liquidated nor is it capable of exact determination by mathematical computation.

For the foregoing reasons the writ is denied.

Crail, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 27, 1936.