**M. R., as parent and natural guardian of J. R., and J. D., as parent and natural guardian of K. D., individually and in behalf of all others similarly situated, Plaintiffs,**

v.

**MILWAUKEE PUBLIC SCHOOLS et al., Defendants.**

**No. 80–C–592.**

United States District Court, E. D. Wisconsin.

Sept. 4, 1980.

Harold L. Harlowe, Thomas E. Dixon, Madison, Wis., for plaintiffs.

James T. McClutchy, Theophilis Crockett, Asst. City Atty., Milwaukee, Wis., Daniel D. Stier, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have brought this action on behalf of themselves and a class of between

150 and 200 other similarly situated children who were placed in day treatment facilities as of November 1, 1979. The complaint presents eight claims for relief arising under § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, and the regulations promulgated thereunder; the Education for All Handicapped Children Act of 1975, as amended, 20 U.S.C. § 1401 et seq., and the regulations promulgated thereunder; the due process and equal protection clauses of the United States Constitution as implemented by 42 U.S.C. § 1983; Article X, § III, of the Wisconsin Constitution; and Chapter 115, Wis.Stats. The plaintiffs and the class they propose to represent seek declaratory, injunctive and monetary relief.

The named plaintiffs are M.R. and her son J.R., and J.D. and her son K.D. J.R. and K.D. are both alleged to be thirteen years old and to have been identified by the Milwaukee public schools as having "exceptional educational needs" as defined by § 115.76(3), Wis.Stats. At the time the complaint was filed, July 3, 1980, J.R. and K.D. were both enrolled at the Highland Bluff Educational Center in Mequon, Wisconsin.

The defendants are the Milwaukee public schools, the Milwaukee board of public school directors, the individual school board directors in their official capacities, and the superintendent of the Milwaukee public school system in his individual and official capacity (hereinafter collectively referred to as "city defendants"); the Wisconsin department of public instruction and the state superintendent of public instruction in her individual and official capacity (hereinafter collectively referred to as "state defendants"); and the Milwaukee county department of social services and the director of said county department in his official capacity (hereinafter collectively referred to as "county defendants").

On July 3, 1980, Judge Terence T. Evans granted the plaintiffs a temporary restraining order which required the defendants to "reinstate the placements of those plaintiffs and their class who were enrolled in extended year programs in day treatment educational centers in Milwaukee County until a hearing on plaintiffs' motion for a preliminary injunction may be held. . . ." The temporary restraining order applied only to the named plaintiffs and class members who were receiving year–round day treatment services, a total of approximately thirty–four children. The restraining order is now set to expire on September 5, 1980.

This matter is presently before me on the plaintiffs' motions for a preliminary injunction and for leave to proceed under abbreviated names; the latter motion will be granted without further discussion. Judge Evans previously granted the plaintiffs' motion to proceed in forma pauperis. Also before me are the motions of all three groups of defendants to dismiss the complaint for failure to state a claim and the state defendants' motion to dismiss the complaint insofar as it seeks to impose a retroactive monetary liability on the state treasury and to dismiss the state department of public instruction. The parties have all submitted briefs and numerous affidavits in support of their respective positions.

## I. DEFENDANTS' MOTIONS TO DISMISS

The county defendants contend that they should be dismissed from this action on the ground that no "legal mandate requires [them] to provide the services sought by the plaintiffs." County's Brief at 1. The county defendants have cited a number of state and federal statutes which allegedly place on the state and city defendants the obligation to provide the services the plaintiffs seek.

However, the city defendants have submitted a brief opposing the county defendants' motion for dismissal which also cites several state statutes and administrative regulations imposing on the county defendants the duty to provide the day treatment services in question. Also, the county has contracted with the state department of health and social services to "insure the proper care, treatment and education of

children in appropriate Day Service placements." In addition, the immediate impetus to the filing of this action was, the receipt by the plaintiffs and members of the proposed class of a letter from the director of the county department of social services notifying them that the disputed day service placements would be terminated on July 1, 1980. (Complaint Ex. 2). The county defendants' assertion that they have no responsibility for the provision of the services in question is therefore not established; the motion to dismiss will accordingly be denied.

In support of their motions to dismiss the complaint for failure to state a claim, the state and city defendants have submitted several affidavits; the motions must therefore be treated as motions for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. Summary judgment may only be granted in the absence of genuine issues as to material facts. Rule 56(c). With regard to the merits of the plaintiffs' claims, the record before me is replete with factual disputes. Accordingly, the motions of the state and city defendants to dismiss the complaint for failure to state a claim, treated as motions for summary judgment, will be denied.

The state defendants have also attacked the subject matter jurisdiction of this court over any claims which are aimed at imposing a retroactive monetary liability payable out of the state treasury and the court's in personam jurisdiction over the department of public instruction.

■ Contrary to the plaintiffs' contention in their brief opposing the state's motion to dismiss, the plaintiffs' claim for damages against the state superintendent of public instruction in her official capacity is essentially a claim against state funds. In the circumstances of this case, however, no congressional authorization exists to abrogate the state's eleventh amendment immunity from retroactive monetary claims payable from the state treasury. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Therefore, insofar as the complaint seeks "to impose a liability

which must be paid from public funds in the state treasury," it must be dismissed because the court lacks jurisdiction over such claims by reason of the eleventh amendment. *Id.* at 663, 94 S.Ct. at 1356. However, the eleventh amendment will be no defense in this case to the issuance of an injunction which is "prospective in nature" simply because it has "an ancillary effect on the state treasury," *id.* at 668, 94 S.Ct. at 1358, nor will the eleventh amendment bar the recovery of damages from the state superintendent of public instruction in her individual capacity. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ Since it is clear that the department of public instruction lacks the capacity to be sued under state law, it must be dismissed as a party from this suit. *See Majerus v. Milwaukee County,* 39 Wis.2d 311, 159 N.W.2d 86 (1968); *Sullivan v. Board of Regents,* 209 Wis. 242, 244 N.W. 563 (1932). The declaratory and injunctive relief which might have been obtained against the department consistent with the eleventh amendment may be obtained against the state superintendent of public instruction in her official capacity. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

## II. PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

The plaintiffs' motion for a preliminary injunction consists of five separate requests. Specifically, the plaintiffs wish to enjoin the defendants:

1. From terminating the current placements of plaintiffs and their class at day treatment educational centers and removing plaintiffs and the class they seek to represent from those placements until the completion of a full and impartial evaluation of their educational needs and handicapping conditions, and throughout the period in which by state law the parents of plaintiffs and the class they seek to represent may request a hearing on the evaluation and placement offer, and until the completion of the administrative and judicial review of those hearings;

"2. From delaying, biasing, or interfering with the fair and impartial evaluation of the educational needs and handicapping conditions of plaintiffs and their class or with the development of appropriate educational placement offers for plaintiffs and their class;

"3. To complete the process of fair and impartial evaluation of the educational needs and handicapping conditions of plaintiffs and their class without delay, and in no case longer than thirty (30) days, and to issue valid and effective placement offers for existing and appropriate educational placements without delay and in no case longer than fifteen (15) days after completion of the evaluation; and

"4. From terminating the placements of those plaintiffs and members of their class who were placed as of June 30, 1980, in day treatment educational centers offering extended school year programs continuing into the summer months or removing these plaintiffs and members of their class from those placements;

"5. To develop a continuum of services for plaintiffs and their class to avoid the necessity in the future of requiring the placement of plaintiffs and their class in residential treatment centers or other more highly restrictive settings."

█ A preliminary injunction may only be granted if it is found that:

"(1) the plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue; (2) the threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant; (3) the plaintiffs have at least a reasonable likelihood of success on the merits; and (4) the granting of a preliminary injunction will not disserve the public interest." *Fox Valley Harvestore v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

Applying these prerequisites to the facts in the case at bar, I believe the plaintiffs' motion for a preliminary injunction should be granted in part.

In my opinion, the record presently before me supports the entry of injunctive relief only as to the first of the five requests quoted above. The present record contains too many contradictions and factual disputes relevant to the last four parts of the plaintiffs' motion to permit me to make the necessary findings which would warrant the issuance of an injunction at this point. Moreover, these four matters are not squarely addressed to maintaining the status quo pending the final resolution of this controversy, which is the traditional function of a preliminary injunction. *See* 11 Wright & Miller, Federal Practice and Procedure § 2947 (1973).

The first item of the plaintiffs' motion, however, stands on a different footing. The persons entitled to the protections of the Education for All Handicapped Children Act of 1975 are "handicapped children" as defined in 20 U.S.C. § 1401:

"The term 'handicapped children' means mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, orthopedically impaired, or other health impaired children, or children with specific learning disabilities, who by reason thereof require special education and related services."

Under 20 U.S.C. § 1412(2)(B) and (C), states are required to adopt plans which assure that "a free appropriate public education will be available for all handicapped children between the ages of three and eighteen within the State not later than September 1, 1978," and that:

"all children residing in the State who are handicapped, regardless of the severity of their handicap, and who are in need of special education and related services are identified, located, and evaluated, and that a practical method is developed and implemented to determine which children are currently receiving needed special education and related services and which children are not currently receiving needed special education and related services."

I believe the plaintiffs and the proposed class have demonstrated a reasonable likeli-

hood of success in proving that they qualify under the above provisions. *See also* 45 C.F.R. §§ 121a.530–534 (1979).

Not only must the state establish procedures for locating, identifying and evaluating suspected handicapped children preparatory to their "initial placement . . . in a special education program," *id.* at § 121a.531, but also, once such children have received an initial placement, another evaluation must be conducted prior to "any subsequent significant change in placement." *Id.* at § 84.35(a) (implementing 29 U.S.C. § 794). *Accord*, 20 U.S.C. § 1415(b)(1)(C). Prior to any change in placement, state authorities are required to notify the parents and to afford them "an impartial due process hearing which shall be conducted by the State educational agency or by the local educational agency or intermediate educational unit, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(b)(2). In addition, "any party aggrieved by the findings rendered in such a hearing may appeal to the State educational agency which shall conduct an impartial review of such hearing." *Id.* at § 1415(c). The decision of the state educational agency may in most situations be appealed to the courts which shall receive additional evidence if submitted by any party. *Id.* at § 1415(e)(2). As to procedural safeguards, the law significantly provides that:

> "During the pendency of any proceedings conducted pursuant to [§ 1415], unless the State or local educational agency and the parents or guardian otherwise agree, the child shall remain in the then current educational placement of such child . . . ." *Id.* at § 1415(e)(3).

State law mandates a similar "no action" policy pending appeal. § 115.81, Wis.Stats.

The parties dispute the actual number of evaluations which the defendants have performed on members of the proposed class. However, it is undisputed that the county defendants informed the parents of an undisclosed number of the plaintiff class of children that day treatment services would be "terminated" as of June 30, 1980, and that the placements would not be continued during the period of any appeal. I believe the plaintiffs have at least a reasonable likelihood of success of demonstrating that the refusal to continue the placements pending appeal is contrary to state and federal law.

The only contention the defendants have made in opposition to this conclusion is that the day treatment centers do not constitute educational placements. The defendants argue that, "as of November 1, 1979, plaintiffs had left the programs in which they were placed by MPS, and had enrolled in private day treatment centers. The full cost of enrollment in the day treatment centers was borne by the Milwaukee County Department of Social Services (DSS)." Brief in Opposition to Motion for Preliminary Injunction at 10. The defendants contend that since the DSS is not a "public agency" as defined in 45 C.F.R. 121a.11 (1979), the state educational authorities have no responsibility for continuing the plaintiffs' placements in the day treatment centers.

The requirements of the above quoted federal laws cannot be so easily circumvented. The regulations clearly provide that:

> "(a) The State educational agency is responsible for insuring:
>
> (1) That the requirements of this part are carried out; and
>
> (2) That each educational program for handicapped children administered within the State, including each program administered by any other public agency:
>
> (i) Is under the general supervision of the persons responsible for educational programs for handicapped children in the State educational agency, and
>
> (ii) Meets educational standards of the State educational agency (including the requirements of this part)." 45 C.F.R. § 121a.600.

In *Carrillo v. Village of Whitefish Bay*, 78–C–690 (E.D.Wis. Jan. 18, 1979), the defendants argued that the plaintiff's enrollment in a day treatment center was not an educational placement because no approval had been obtained from the state superin-

tendent. Judge John W. Reynolds rejected this assertion, however, stating "that the state educational agency is responsible for the educational placement of handicapped children regardless of what agency delivers the services." *Id.* at 4. I agree; accordingly, I reject the defendants' argument and find that the plaintiffs have a reasonable likelihood of success in proving that the termination of the day treatment services in question without withholding such termination pending a review violates applicable federal and state laws.

I also find that the defendants' threatened action will cause the plaintiffs irreparable harm if not enjoined and that the plaintiffs have no adequate remedy at law. The plaintiffs' affidavits describe in detail the importance of the day treatment placements to the stability of the plaintiffs and the proposed class. The defendants have not specifically challenged the plaintiffs' claim that the suspension of the services in question will result in irreparable harm. Other courts which have considered the injury to a handicapped child who is deprived of the special educational facilities required to be provided under the law have also concluded that such injury constitutes irreparable harm. *See Carrillo v. Whitefish Bay, supra; Stuart v. Nappi,* 443 F.Supp. 1235 (D.Conn.1978).

The remaining two factors to consider also support issuance of a limited preliminary injunction. The balance of injuries clearly weighs in favor of the plaintiffs, and the concern that the federal and state legislatures have shown in the area of educating handicapped children demonstrates that the public interest will be served by entry of a preliminary injunction.

Under Rule 23(b)(2), Federal Rules of Civil Procedure, I will certify this action as a class action but only as to the claims for declaratory and injunctive relief. The class shall consist of all those handicapped children who were placed in day treatment centers as of November 1, 1979, and who are under the jurisdiction of the Milwaukee public schools.

## III. CONCLUSION

Therefore, IT IS ORDERED that the motion of the county defendants to dismiss the complaint be and hereby is denied.

IT IS ALSO ORDERED that the motions of the state and city defendants to dismiss the complaint for failure to state a claim upon which relief may be granted, treated as motions for summary judgment, be and hereby are denied.

IT IS FURTHER ORDERED that the motion of the state defendants to dismiss the complaint insofar as it seeks to impose retroactive monetary liability on the state treasury for damages be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the state defendants to dismiss the department of public instruction from this action be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the plaintiffs to proceed under abbreviated names be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the plaintiffs for a preliminary injunction be and hereby is granted in part and denied in part.

IT IS FURTHER ORDERED that the state department of public instruction be and hereby is dismissed from this action.

IT IS FURTHER ORDERED that the complaint be and hereby is dismissed insofar as it seeks to recover damages from the state.

IT IS FURTHER ORDERED that the defendants be and hereby are enjoined from terminating the placements of the plaintiffs and the class of persons similarly situated as described below at the day treatment centers at which they were enrolled as of November 1, 1979, until (1) the time for the parents or guardian to file an appeal after being notified of a proposed change in placement has expired, or (2) any appeal of a proposed change in placement filed by the affected child's parents or guardian has reached a conclusion.

IT IS FURTHER ORDERED that this action insofar as the complaint seeks declaratory and injunctive relief be and hereby is certified as a class action, said class to consist of all those handicapped children who were placed in day treatment centers as of November 1, 1979, and who are under the jurisdiction of the Milwaukee public schools.