**Joel FLAKES, Plaintiff,**

v.

**Timothy CULLEN, Stephen Bablitch, John Stoddard, Defendants.**

No. 88–C–104.

United States District Court, E.D. Wisconsin.

April 22, 1988.

Joel Flakes, pro se.

Arlene Michor, Asst. Atty. Gen., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Joel Flakes, filed an action pursuant to 42 U.S.C. § 1983 alleging due process violations associated with his confinement in voluntary segregation. He has alleged that the operation of Wis.Admin. Code § HSS 306.45(b), which provides that after 72 hours, an inmate who is in voluntary segregation has privileges and property reduced to the equivalent of an inmate who is in "program segregation," is constitutionally deficient. Mr. Flakes now moves for a temporary restraining order enjoining the defendants from continuing to implement section 306.45(b) and from threatening to place him in "Temporary Lock–Up" status. He contends that the defendants' threat to change his confinement status is in retaliation for the filing of this action.

Prior to filing a "formal" motion and "supplemental motion" for a temporary re-

straining order, the plaintiff submitted a letter to the court describing the conditions of his confinement and requesting the precise injunctive relief for which he now applies by way of his motion. The defendants received a copy of this letter and filed a responsive letter. They have also filed a short letter response to Mr. Flakes' supplemental motion. In their first letter, the defendants deny that they have threatened or have plans to place Mr. Flakes in Temporary Lockup status. Thus, the defendants have, in effect, received notice of, and responded to, the plaintiff's request for a temporary restraining order. I will, therefore, treat Mr. Flakes' application as a motion for a preliminary injunction. *See* Rule 65, Federal Rules of Civil Procedure.

The traditional function of a preliminary injunction is to maintain the status quo pending the final resolution of a controversy. *See, e.g., M.R. v. Milwaukee Public Schools*, 495 F.Supp. 864, 868 (E.D.Wis. 1980). Such a remedy is extraordinary relief and may only be granted if the plaintiff establishes:

(1) that [he] has no adequate remedy at law; (2) that [he] will suffer irreparable harm if the preliminary injunction is not issued; (3) that the irreparable harm [he] will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) that [he] has a reasonable likelihood of prevailing on the merits; and (5) that the injunction will not harm the public interest.

*Baja Contractors, Inc. v. City of Chicago*, 830 F.2d 667, 674–75 (7th Cir.1987).

Applying these prerequisites to the case at bar, I believe that the plaintiff's motion for a preliminary injunction should be denied. Mr. Flakes has failed to establish any of the factors identified by the *Baja* court in support of the instant request for relief. In his complaint, Mr. Flakes seeks a remedy at law in the form of monetary damages, and there is no reason to believe that such damages, if awarded to him upon the resolution of this case, would not be an adequate remedy.

Nor has Mr. Flakes established that he will be irreparably harmed by the continuing enforcement of section 306.45(b). According to this complaint, the plaintiff has been subjected to this regulation for more than two years. The defendants deny that section 306.45(b) results in irreparable harm to Mr. Flakes, and the plaintiff's bald assertion to the contrary is not sufficient to counter their representation.

Most importantly, Mr. Flakes' application provides no support to establish that he is likely to succeed on the merits. The present record contains too many factual discrepancies to permit me to make the necessary findings that would warrant such a conclusion.

Having determined that Mr. Flakes has failed to establish three of the five factors set forth in *Baja*, I will not engage extensively in the balancing analysis required by the remaining two factors. Mr. Flakes has not persuaded me that he will suffer irreparable harm absent the issuance of a preliminary injunction. He cannot, therefore, establish that such harm will outweigh the interests of the defendants or the public.

Therefore, IT IS ORDERED that the plaintiff's motion for a temporary restraining order, treated as a motion for a preliminary injunction, be and hereby is denied.