MALLOY, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*January 9 — February 1, 1901.*

*Limitation of actions: Notice of injury: Construction of statutes: Pleading.*

1. The provision of sec. 4222, Stats. 1898, that no action to recover for an injury to the person shall be maintained unless within one year after the accident notice in writing shall be served on the person or corporation sought to be charged with liability, stating the time and place of the injury, etc., is a statute of limitation and does not prescribe a condition precedent to the right to sue.

2. Looking to the legislative purpose, and in order to avoid absurd consequences, the words "shall be served," in said sec. 4222, Stats. 1898, are construed to mean "shall have been served," and the requirement that notice be served within one year is *held* inapplicable where the action is commenced within that time.

3. Although the complaint in an action for personal injuries alleged the giving of the notice required by sec. 4222, Stats. 1898, a general denial did not put the defendant in a position to rely upon the limitation as a bar to the action, plaintiff's cause of action being complete without such allegation.

Malloy vs. The Chicago & Northwestern R. Co.

4. In order to avail himself of the defense of the statute of limitations a party must, in his pleading, either refer to the statute or set out the facts showing that the limitation has run.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This action was begun April 6, 1898, to recover damages for injuries received by the plaintiff November 14, 1897, while operating a switch in defendant's yard, alleged to have been defective and out of repair. The complaint alleged the giving of a notice of injury on April 4, 1898. The defendant answered this allegation by a general denial. At the trial the plaintiff made proof of the accident, and introduced the notice of injury in evidence. This notice is conceded to be insufficient under Stats. 1898, sec. 4222. A motion for nonsuit was denied. The defendant then asked permission to amend its answer by setting up the statute of limitations, which was also denied. The jury returned a special verdict assessing plaintiff's damages at $1,000, for which amount judgment was duly entered, and from which defendant takes this appeal.

For the appellant the cause was submitted on the brief of *Edward M. Hyzer.*

For the respondent there was a brief by *Timlin, Glicksman & Conway,* and oral argument by *W. H. Timlin.*

BARDEEN, J.    Sec. 4219, Stats. 1898, provides that "the following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued." Sec. 4222 limits the time for the commencement of an action to recover damages for an injury to the person to six years. It also contains a provision as follows: "No action to recover damages for an injury to the person shall be maintained unless, within one year after the happening of the event causing such damage, notice in writing, signed by the party damaged, his agent or attorney, shall

be served: . . . stating the time and place where such damage occurred . . . and that satisfaction therefor is claimed of such person or corporation." This statute was under consideration in the recent case of *Meisenheimer v. Kellogg*, 106 Wis. 30. Among the grounds urged against the sufficiency of the complaint was that the notice of injury set forth therein was not sufficient, and that such notice was a condition precedent to the cause of action. This contention was distinctly overruled on the ground that the cause of action was one that existed at common law, existing independent of statute, and that the requirement of notice simply set a new limit within which a certain step necessary to enforce the right of action must be exercised. In other words, the statute was one of limitation, and not a condition precedent to the right to sue. *Gatzow v. Buening*, 106 Wis. 1. It necessarily follows therefrom that an allegation of notice to the party who caused the injury was not essential to the cause of action stated. Neither allegation nor proof of service of such notice being necessary to the plaintiff's right to maintain his action, a statement in the complaint of the giving of such notice, and a denial in the answer, presented no issue fatal to the plaintiff's recovery. The cause of action was complete without such allegation, and a mere denial of it did not put the defendant in position to rely upon the limitation as a bar to the action. It has long been the rule of pleading that a party relying on the statute of limitations must plead it, or he cannot avail himself of that defense. Either the statute must be referred to, or the facts showing the limitation has run must be set out, in the pleading, or it is waived. *Lockhart v. Fessenich*, 58 Wis. 588. See, also, *Orton v. Noonan*, 25 Wis. 672.

There is, however, another reason why this judgment must stand. The accident occurred November 14, 1897. The action was begun April 6, 1898. If the statute is considered to apply to actions begun within one year after the accident,

we have the absurd result of a limitation running against a cause of action after suit has been commenced to enforce it. It is a cardinal rule of construction that the courts may and should look into so much of the intent of the act as is discoverable from its words and from the permissible surroundings. Bishop, Written Laws, § 76. The interpretation should lean strongly to avoid absurd consequences. Id. § 82; *Jeffersonville v. Weems*, 5 Ind. 547; *Comm. v. Loring*, 8 Pick. 370; *Henry v. Tilson*, 17 Vt. 479. The court should also consider the legislative purpose, and keep steadily in view "the mischief to be cured." *McCaul v. Thayer*, 70 Wis. 138; *State ex rel. Heiden v. Ryan*, 99 Wis. 123. Prior to the enactment of this statute a person suffering injury to his person had full six years to commence his action, and he was not required to give any notice of his intention. The necessity of notice arose from the fact that many claims were being prosecuted after long delays, when witnesses had disappeared or the circumstances were forgotten, and the means of evidence had been lost or destroyed. Instances arose when the defendant was put to a great disadvantage by failure to preserve evidence, death of witnesses, or change in the physical features surrounding the accident. This was undoubtedly "the mischief to be cured." Unquestionably, the legislative purpose was to require the injured party to inform the other within a reasonable time, fixed at one year, of his intention to hold him responsible. If he did so, then he might commence his action any time within six years. If he did not, then his right would be forfeited. The primary purpose seems to have been that notice should be given to afford the defendant an opportunity to investigate the circumstances before they got stale, and to preserve evidence for his defense. It had no bearing upon the right of action, beyond being a mere limitation, and as affecting the remedy. If by the commencement of an action the defendant is advised of all the facts which were considered essential in a

notice, the giving of such notice after suit brought would seem to be an idle ceremony. It would have no gravity, beyond the mere fact that, by a literal construction, the act required it. To apply it to suits commenced within the year, and say that such an action is barred after it has been commenced, dignifies the requirement into a condition precedent, when in fact it is one of limitation. No such absurd result can be tolerated, if by a permissible legal construction it can be avoided. A statute of limitations cannot run against an action after it has been commenced. To avoid absurd or injurious consequences, courts frequently construe words in some other tense than used in the act. Thus, in *Maysville & L. R. Co. v. Herrick*, 13 Bush, 122, the words "shall come" were construed as equivalent to "shall have come." In *Rutherford v. Green's Heirs*, 2 Wheat. 196, the words "shall be" were construed to mean "is." An application of these rules to the statute in question, construing the words "shall be served" to mean "shall have been served," would relieve it of the objection urged, and still preserve the evident purpose of the legislature.

*By the Court.*— The judgment is affirmed.