SULLIVAN, Respondent, vs. BOARD OF REGENTS OF NORMAL SCHOOLS, Appellant.

*September 16—October 11, 1932.*

For the appellant there was a brief by the *Attorney General* and *Herbert H. Naujoks,* assistant attorney general, and oral argument by *Mr. Naujoks.*

For the respondent there was a brief by *Sullivan & Taugher,* attorneys, and *John J. Sullivan* of counsel, all of Milwaukee, and oral argument by *John J. Sullivan.*

ROSENBERRY, C. J.   The sole question raised upon this appeal is whether or not an action for the recovery of a money judgment may be maintained against the Board of Regents of Normal Schools.

Sec. 37.01, Stats., provides:

"For the government of the normal schools established, and which may hereafter be established, and for the performance of the duties prescribed to them, there is constituted a board of eleven regents, called 'The Board of Regents of Normal Schools.' . . ."

Sec. 37.02 (1) provides:

"The board of regents and their successors in office are constituted a body corporate by the name aforesaid; and may purchase, in the manner provided by law, have, hold, control, possess and enjoy, in trust for the state, for educational purposes solely, any lands, tenements, hereditaments, goods and chattels of any nature which may be necessary and required for the purposes, objects and uses of the state normal schools authorized by law and none other, with full power to sell or dispose of such personal property in the manner provided by law, or any part thereof when in their judgment it shall be for the interest of the state; and shall possess all other powers necessary or convenient to accomplish the objects and perform the duties prescribed by law. The board of regents shall not sell, mortgage or dispose of in any way any real estate, nor borrow money without the express authority of the legislature; nor shall they contract indebtedness nor incur liabilities to exceed, at any time, in the aggregate, the amount of money which, under the provisions of law, shall then be at their disposal in the hands of the state treasurer; nor shall said board ever reduce the amount so at their disposal below the aggregate amount of their indebtedness or liability, except in payment of such indebtedness or liability. The proceeds of the sale of any real or personal estate shall be paid by them into the treasury, and shall become a part of the income of the normal school fund."

Sec. 37.07 provides:

"*Auditing accounts.* All payments for the erection, repairs or enlargement of any normal school buildings, or for

fixtures or furniture therefor, and all disbursements from the normal school fund income, including the expenses of boards of visitors of normal schools and of teachers' institutes shall be made by the treasurer of said board on the warrant of the secretary of state drawn in accordance with the certificate of the president and secretary of the board, after being audited and allowed pursuant to its rules and regulations, and not otherwise."

The state treasurer is made *ex officio* the treasurer of the board.

The plaintiff concedes the general rule that an action may not be maintained against the state without its consent. 25 Ruling Case Law, p. 412 *et seq.* and cases cited. The plaintiff, however, contends that the creation of the Board of Regents of Normal Schools as a body corporate is a waiver by the state of its immunity to suit. While the statute provides that the Board of Regents is constituted a body corporate, it also provides that as such body corporate it is merely an arm or agency of the state. The board has no power to raise money by taxation and it may not incur any liability beyond the amount appropriated to it by act of the legislature. The title to all property acquired by it is held by it in trust for the state. It may not dispose of real property without express authority from the state. Its power to dispose of personalty is limited. All funds belonging to the institution, whether derived from appropriations or from the sale of property, are in the custody of the state treasurer and can only be disbursed on a warrant drawn by the secretary of state.

We fail to discover in the statutes creating and defining the powers of the Board of Regents of Normal Schools anything indicating any intention on the part of the state to make the board an independent going concern. In that respect the Board of Regents of Normal Schools differs very widely from the ordinary district or high school board

and has none of the aspects of a municipal corporation or a quasi-municipal corporation. It is an agency of the state set up to perform certain specified administrative duties. If the plaintiff should prosecute this action and recover judgment against the defendant, there would be no property out of which an execution could be satisfied. Manifestly, if the defendant has created a liability, it is a liability of the state and must be enforced as other liabilities against the state are enforced.

The complaint contains no allegation to the effect that any officer of the board or the board itself has refused or neglected to perform any duty prescribed by statute. We make no intimation as to whether or not such an action might be maintained, but simply indicate that the question does not arise upon the demurrer to the complaint in this action. See *State ex rel. McDonald v. Nemachek,* 199 Wis. 13, 225 N. W. 170.

The plaintiff relies very largely upon *Butler v. Regents of the University,* 32 Wis. 124. In that case Professor Butler sued the Regents of the University for back salary. The question argued and decided was whether or not a professor in the University was a public officer. The question presented here does not seem to have been raised in that case. *Board of Education of South Milwaukee v. State ex rel. Reed,* 100 Wis. 455, 76 N. W. 351, and similar cases are not applicable for the reasons already indicated.

*By the Court.*—The order appealed from is reversed, with directions to enter an order sustaining the demurrer and for further proceedings according to law.