DOUCHA, by Guardian *ad litem,* Plaintiff, vs. MAYER and others, Defendants: GENERAL CASUALTY COMPANY, Appellant: MUCHIN and another, Respondents.

*October 23—November 26, 1946.*

454

For the appellant there was a brief by *Nash & Nash,* and oral argument by *Walter J. Clark,* all of Manitowoc.

For the respondents there was a brief by *Ben E. Salinsky* of Sheboygan, attorney, and *Bendinger, Hayes & Kluwin* of Milwaukee of counsel, and oral argument by *Mr. Salinsky* and *Mr. John A. Kluwin.*

WICKHEM, J.    This is an action for personal injuries. The accident occurred May 12, 1943.    No notice of injury under sec. 330.19 (5), Stats., was served on any of defendants within two years of the accident.    However, a summons and complaint were served within such time upon defendants, Mayer (appellant's insured), Muchin, and New Amsterdam Casualty Company.    A summons was served upon appellant

within the two-year period but no complaint until May 14, 1945, which was more than two years after the accident.

Sec. 330.19, Stats., so far as applicable here, reads as follows:

"330.19 *Within six years; foreign limitation; notice of injury.* Within six years: . . .

"(5) An action to recover damages for . . . an injury to the person, character or rights of another, not arising on contract, except in case where a different period is expressly prescribed. . . . No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record. . . . When an action shall be brought and a complaint actually served within two years after the happening of the event causing such damages, the notice herein provided for need not be served."

It is contended that under the authorities either notice of injury or the commencement of the action by service of summons and complaint is imperative within two years next following the accident. *Klingbeil v. Saucerman,* 165 Wis. 60, 160 N. W. 1051; *Siebert v. Jacob Dudenhoefer Co.* 178 Wis. 191, 188 N. W. 610. This, of course, is well established. A careful reading of the statute indicates, however, that its provisions are quite different in respect of the notice and of the action. The notice is specifically required to be served upon the person or corporation by whom it is claimed such damage was caused. As an alternative, it requires the bringing of an action and the service of a summons and complaint therein without specifying the defendants in such action. This court

has been justifiably strict in applying the detailed requirements of the section as to the notice of injury, but for this court to prescribe requirements as to the alternative that are not specified in the section would be judicial legislation and wholly unwarranted. Applied to the instant case, just as there is no requirement that the notice of injury be served on the insurer, so there is no statutory requirement that the action which is substituted for the notice, if brought within two years, must be against an insurer. Plaintiff has literally complied with the calls of the statute, unless this court should add by a process of interpretation so devious as to amount to legislation the further requirements insisted upon by appellant. This we decline to do for obvious reasons.

The disposition of the trial court was correct and appears to carry into effect every objective that the statute can be supposed to have had. In this connection see *Malloy v. Chicago & N. W. R. Co.* 109 Wis. 29, 85 N. W. 130.

*By the Court.*—Order affirmed.