MAJERUS, Respondent, v. MILWAUKEE COUNTY and another, Defendants: WISCONSIN STATE ARMORY BOARD, Appellant.

No. 316. Argued May 9, 1968.—Decided June 4, 1968.
(Also reported in 159 N. W. 2d 86.)

For the appellant the cause was argued by *Benjamin Southwick,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *John E. Armstrong,* assistant attorney general.

For the respondent there was a brief by *Peregrine, Schimenz, Marcuvitz & Cameron* and *Hugh R. Braun,* all of Milwaukee, and oral argument by *Mr. Braun.*

HALLOWS, C. J.   The two questions presented on this appeal are: (1) Whether the Wisconsin State Armory Board is an independent body politic and corporate outside the protection of sovereign immunity, and (2) whether the complaint is defective for failure to allege compliance with sec. 895.43, Stats.

*Sovereign Immunity.*

It is contended by the Armory Board that it is merely an administrative arm of the state and as such is entitled to sovereign immunity protecting it from suit.

There is no question of its liability for torts. That question was disposed of in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, when this court abolished governmental immunity for torts. The question now raised is not one of liability but whether the Armory Board can be sued to enforce that liability. If the Armory Board is only an arm of the state, then it is argued art. IV, sec. 27, of the Wisconsin Constitution is applicable. This article provides that "the legislature shall direct by law, in what manner, and in what courts suits may be brought against the state." And, it is argued that the Armory Board is immune from suit because the legislature has not provided it may be sued to enforce its liability in tort.

More importantly, the Armory Board argues it is not an independent body with such proprietary powers or functions that it can be said the legislature in creating it waived its immunity to suit. The Armory Board relies on *Kenosha v. State* (1967), 35 Wis. 2d 317, 151 N. W. 2d 36; *Metzger v. Department of Taxation* (1967), 35 Wis. 2d 119, 150 N. W. 2d 431; and *Sullivan v. Board of Regents of Normal Schools* (1932), 209 Wis. 242, 244 N. W. 563. In *Sullivan* the court laid down the criteria for determining when a unit of government is an independent body politic or "independent going concern" or *sui juris* and not an arm or agency of the state. Both *Kenosha* and *Metzger* state that immunity from suit (sovereign immunity) is possessed by a state agency which has no independent proprietary functions or powers but neither case holds that the agency must have all the independent proprietary functions or powers enumerated in *Sullivan*.

The Armory Board has power to convey real estate and dispose of personal property without express authority from the state. It has the power to hold and disburse its own funds independent of state warrants. It is given no appropriation but has the power to borrow money and issue and sell bonds and other evidences

of indebtedness to accomplish its purposes. The debts thus created are satisfied out of rents and interest the Armory Board receives from the property it acquires. The Armory Board claims *Sullivan* is controlling because it does not have the power to raise money by taxation, the property it acquires is held in trust for the state, it must convey all its property to the state when it is finally paid for, it was created to perform only certain specific administrative duties and it has no undedicated property out of which an execution can be satisfied.

We think it is not necessary to have all the powers enumerated in the *Sullivan Case* to constitute an independent body politic. The Armory Board by sec. 21.615, Stats., is given a very distinct character. Sub. (1) (a) expressly provides the Armory Board "is made a body politic and corporate" and has the power, sub. (2), "to sue and be sued." While some state boards are created a body corporate with the power to sue and be sued, other bodies corporate do not have the right to sue or be sued. Some agencies are not separate corporate bodies but they may sue and be sued. Other divisions of the state government have neither corporate status nor authority to sue or be sued. The Armory Board is almost unique in being designated a body politic and corporate. This with its independent proprietary powers constitutes it *sui juris.*

This view of the intention of the legislature as to the nature of the Armory Board as expressed in the statutes is not changed by the classification or treatment of the Board under the Kellett Bill, chs. 75 and 327, Laws of 1967. The fact that the Armory Board is now attached to a department for administrative reasons does not necessarily change its nature. Its powers and functions remain intact. Consequently, the Armory Board is outside the scope of sovereign immunity and may be sued to enforce its liability in tort.

*Pleading Sec. 895.43, Stats.*

The plaintiff concedes the provisions of sec. 895.43 [1] are applicable to this action in tort against the Armory Board. The complaint contains no allegations that a notice of injury was given within one hundred twenty days or that the Armory Board had actual knowledge of the injury and was not prejudiced. The Armory Board argues the failure of the complaint to allege the giving of the notice of injury is a jurisdictional defect and the requirements of the section make such an allegation a condition precedent to the maintaining of the suit. We think the defect, if it is one, is not jurisdictional in nature.

This notice-of-injury requirement was discussed in *Pattermann v. Whitewater* (1966), 32 Wis. 2d 350, 145 N. W. 2d 705, and was contrasted with a requirement of filing of a claim under sec. 62.25, Stats. It is true in *Pattermann* we said the notice under sec. 895.43 was a condition to maintaining the tort action but the exact point now involved was not in issue or discussed. *Patter-*

[1] "(1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, his agent or attorney is served on such volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 262.06. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe."

*mann* is not to be read as requiring that compliance with the section be pleaded in the complaint as a condition precedent to the maintenance of the suit. Compliance is a condition in fact requisite to liability, but it does not follow that the pleading of compliance is a condition to stating a cause of action.

It is to be noted that sec. 895.43, Stats., differs materially from sec. 62.25, requiring the filing of a claim, under discussion in the *Pattermann Case.* In sec. 895.43 there is the additional provision that the failure to give the notice of injury "shall not bar action on the claim if" the Armory Board "had actual notice of damage or injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant." We think the trial court was correct in construing this language as requiring the pleading of the lack of compliance with the section as a defense.

It is true in respect to liability that the plaintiff has the burden of proving the giving of notice or actual notice of injury and the nonexistence of prejudice. Sec. 895.43, Stats., is also distinguishable from sec. 81.15, under which we have held the requirement of the giving of the notice constituted a condition precedent in *Raisanen v. Milwaukee* (1967), 35 Wis. 2d 504, 151 N. W. 2d 129. For a somewhat similar approach to the problem of pleading notice involving secs. 204.34 (3) and 204.29 (1), and an insurance policy, *see Allen v. Ross* (1968), 38 Wis. 2d 209, 156 N. W. 2d 434.

*By the Court.*—Order affirmed.