EUGENE R. McPHEE, Associate Secretary, University ofWisconsin System
You have requested my opinion as to whether it is possible, under the law, to have students and faculty meet with committees of the Board of Regents of the University of Wisconsin System and with the Board itself, and to vote on matters or business of the committees and Board.
Under sec. 66.77, Stats., it is the declared policy of the State to have all governmental meetings open to the public. There is, of course, no problem in the Board seeking the advice and counsel of these groups at such open, as distinct from executive, sessions of the Board and its committees. However, it is an entirely different matter as to whether these groups may actually participate in Board business by voting at committee meetings or at Board meetings.
The Board is created by sec. 15.91. (All references are to ch. 100, Laws of 1971, unless otherwise indicated.) Board membership is fixed by statute (sec.15.91) and appointments are similarly fixed by law (sec. 24).
The Board is a State agency, Sullivan v. Board ofRegents of Normal Schools (1932), 209 Wis. 242;Holzworth v. State (1941), 238 Wis. 63, the composition of which, as stated previously, is fixed by law. As a State agency, the Board has only those powers and duties as are expressly granted by the legislature or those powers which are necessarily implied in the exercise of the express powers, American Brass Company v. StateBoard of Health (1944), 245 Wis. 440. To *Page 396 
allow faculty or student representatives a vote on the Board would be tantamount to changing the membership and composition of the Board. There is no express grant of authority from the legislature to the Board which authorizes the Board to increase its own size or membership nor can any such power, in my opinion, be implied.
Further, allowing such groups a vote on the Board would, in my opinion, be an unlawful delegation of authority and responsibility by the Board to persons who are not, under law, Board members.
In 2 Am. Jur. 2d, Administrative Law § 222, it is noted:
"It is a general principle of law, expressed in the maxim `delegatus non potest delegare,' that a delegated power may not be further delegated by the person to whom such power is delegated, and that in all cases of delegated authority, where personal trust or confidence is reposed in the agent and especially where the exercise and application of the power is made subject to his judgment or discretion, the authority is purely personal and cannot be delegated to another unless there is a special power of substitution either express or necessarily implied. Accordingly, apart from statute, whether administrative officers in whom certain powers are vested or upon who certain duties are imposed may deputize others to exercise such powers or perform such duties usually depends upon whether the particular act or duty sought to be delegated is ministerial, on the one hand, or, on the other, discretionary or quasi-judicial. Merely administrative and ministerial functions may be delegated to assistants whose employment is authorized, but there is no authority to delegate acts discretionary of quasi-judicial in nature. An administrative board cannot legally confer upon its employees authority that under the law may be exercised only by the board or by other officers or tribunals. * * *"
In my opinion, this same rationale is equally applicable to allowing these groups or members a vote on committees of the Board. Much of the work of the Board is conducted in committee, and, although in many instances the work of the committees merely results in recommendations to the Board *Page 397 
for the Board's final action, these recommendations do carry considerable weight with the Board and should represent the deliberations of duly qualified Board members.
Therefore, in conclusion, it is my opinion that under the law you may not allow anyone, other than duly appointed Board members, to vote on Board business including those matters considered by duly constituted committees of the Board. This, of course, does not preclude the Board or any duly constituted committee of the Board from utilizing such groups in advisory capacities.
RWW:CAB