Patricia MANNINO and Stanley Mannino,
Plaintiffs-Appellants,

v.

Gordon DAVENPORT, M.D., and G. W. Strand, M.D.,
Defendants-Respondents.

Supreme Court

*No. 79–1140. Argued November 25, 1980.—
Decided January 6, 1981.*

(On certification from Court of Appeals.)
(Also reported in 299 N.W.2d 823.)

For the appellants there were briefs by *Theodore V. Lyons, Jr., John C. Wickhem* and *Wickhem, Consigny, Andrews & Hemming, S. C.,* of Janesville, and oral argument by *Theodore V. Lyons, Jr.*

For the respondents there was a joint brief by *Bradway A. Liddle, Jr., Molly K. Martin* and *Boardman, Suhr, Curry & Field* for Gordon Davenport, M.D.; *Bradley D. Armstrong, Bruce A. Schultz* and *Brynelson, Herrick, Gehl & Bucaida* for G. W. Strand, M.D., all of Madison, and oral argument by *Molly A. Martin* and *Bradley Armstrong.*

BEILFUSS, C.J.   This controversy arose from a medical malpractice action commenced by Patricia Mannino and Stanley Mannino against two physicians, G. W. Strand, M.D., and Gordon Davenport, M.D.

On June 6, 1979, an order was entered granting defendant-respondent Davenport's motion for summary judgment, and judgment was thereafter entered accordingly.   On September 17, 1979, the trial court entered a second order granting the summary judgment motion of defendant-respondent Strand.   Judgment was also entered against the plaintiffs-appellants as to this party. The plaintiffs-appellants appealed from these judgments and on July 8, 1980, the court of appeals certified the matter to this court pursuant to sec. 809.61, Stats.   We accepted the certification.

In 1975, Patricia and Stanley Mannino, plaintiffs, initiated this action against Dr. Strand and Dr. Daven-

port, defendants. The complaint, filed in 1977, alleged that Mrs. Mannino had contacted University Hospitals in the City of Madison for the purpose of arranging for the services of a plastic surgeon. It was further alleged that she was referred by hospital staff to Dr. Davenport who, in turn, referred her to a resident physician, Dr. Strand. It is alleged that Mrs. Mannino agreed to undergo cosmetic surgery performed by Dr. Strand under the supervision of Dr. Davenport. The complaint states that Strand negligently performed the operation and that Davenport negligently failed to be present during the surgery to guide and supervise the resident physician. It was claimed that this negligence proximately caused physical injury and suffering to Mrs. Mannino and also caused Mr. and Mrs. Mannino to suffer a joint monetary loss of $2,048.44 for corrective surgery. The plaintiffs prayed for relief in the form of a judgment in the sum of $27,048.44.

The physicians answered generally denying any negligence on their part. No affirmative defenses were raised in their pleading.[1]

The matter was set down for a jury trial to be held on May 21, 1979. Several weeks before the scheduled trial date both defendants moved for summary judgment. The basis of these motions was that both physicians were acting as state employees during their treatment of Mrs. Mannino and that the plaintiffs' action was barred by the failure to give proper notice under sec. 895.45, Stats.[2]

[1] About one month prior to the trial, the plaintiffs amended their complaint. Answers were filed and these answers, unlike the defendants' previous pleadings, contained the affirmative defense of lack of notice of injury under sec. 895.45, Stats. For the purpose of discussion on this appeal, we will assume that no affirmative defenses were alleged by virtue of responsive pleadings.

[2] Sec. 895.45, Stats., has been recently renumbered and is now codified at sec. 893.82. See Laws of 1979, ch. 323, sec. 30. For the purpose of this appeal we will refer to the statute as sec. 895.45.

The supporting affidavits submitted in conjunction with the motions indicated that Dr. Strand, as a salaried resident physician training under University of Wisconsin faculty in the Division of Plastic Surgery, was a state employee.[3] The sworn statement of Dr. Davenport indicates that he was a salaried member of the faculty of the Division of Plastic Surgery. He also maintained a private practice at an office located in the City of Madison. According to Davenport's supporting papers, the educational program of the Division of Plastic Surgery was two-fold. First, resident physicians were expected to observe and assist in the treatment of patients by faculty members. Secondly, residents (who were qualified general surgeons in their own right) would treat patients under the supervision and guidance of faculty members. A patient treated by a faculty member at University Hospitals received a bill for the services of that physician. No bill was issued if the patient was treated by a resident. Patients would initially be assigned to a faculty member for treatment unless they expressed a disinclination to pay for services rendered by the faculty physician. When examining patients in the course of his private practice, Dr. Davenport worked at his local office or at Madison General Hospital. The doctor admits that he may have conducted an initial consultation with Mrs. Mannino but that if he did, he did so in the course of his duties as a faculty member without billing her for his services.

Mrs. Mannino submitted an affidavit in opposition to the defendant Davenport's motion for summary judgment. In essence, this affidavit indicates that Mrs. Mannino was "completely unaware that Dr. Davenport was an employee of the State of Wisconsin [and] that she was not seeing [him] as an employee of the State of Wisconsin, but rather was seeing him as a private physi-

---

[3] It is conceded by plaintiffs that Dr. Strand was a state employee.

cian." The sworn statement indicates that Mrs. Mannino expressed a preference for treatment by a resident only after she was told that she would be billed for $1,000 if Dr. Davenport treated her.

The plaintiffs apparently did not file nor rely upon supporting affidavits or other similar proofs in their opposition to the summary judgment motion of Dr. Strand.

The trial court granted the motions of both defendants and this appeal ensued.

This controversy presents three issues for our determination: (1) The plaintiffs contend that summary judgment should not have been granted because, at least as to Dr. Davenport, there existed a substantial and material question of fact not properly disposed of without a trial. (2) It is further contended that both defendants have waived any objection to the lack of notice under sec. 895.45, Stats., and it is argued that as a matter of law they should be barred from asserting such a defense. (3) As a final argument on this appeal, Mr. and Mrs. Mannino contend that under the facts of this case, application of sec. 895.45 would be an unconstitutional deprivation of their rights to due process under the United States and Wisconsin Constitutions, and their right to a remedy under Art. I, sec. 9 of the Wisconsin Constitution.[4]

The focus of this appeal is upon sub. (1) of sec. 895.45, 1975 Stats.,[5] which provides:

---

[4] "Remedy for wrongs. Section 9. Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

[5] The version of the statute in effect at times relevant to this appeal is the original enactment created by the Laws of 1973, ch. 333, sec. 182c. The statute has since been amended to include within its terms "agents" as well as officers and employees. Laws of

"No civil action or civil proceeding may be brought against any state officer or employe for or on account of any act growing out of or committed in the course of the discharge of such officer's or employe's duties, unless within 90 days of the event causing the injury, damage or death giving rise to such civil action or civil proceeding, the claimant in such action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for such injury, damage or death and the names of persons involved, including the name of the state officer or employe involved."

■

Before discussing the statute we must first consider whether it was proper for the trial court to grant a motion for summary judgment. The plaintiffs contend that, at least with respect to Dr. Davenport, there was a substantial question of fact as to his status as a state employee when he treated Mrs. Mannino. It is argued that she saw him as a private physician and not in his capacity as a state employee. In light of this alleged question of material fact, it is argued that it was an improper exercise of discretion under sec. 270.635, 1973 Stats.,[6] to grant defendant's motion.[7]

We conclude the affidavits of the opposing parties in this case raise no issue of material fact and, in such instances, summary judgment is not inappropriate.[8]

Dr. Davenport did not have a pre-existing doctor-patient relationship with Mrs. Mannino and saw her only as a result of his association with University Hospitals. Initial consultations with University Hospitals' patients—

---

1977, ch. 29, sec. 1585. The time limit for filing a claim has also been extended to 120 days. Laws of 1979, ch. 221, sec. 840.

[6] The old rules of civil procedure apply to this case which was commenced in 1975. *See* sec. 260.01 *et seq.*, 1973 Stats.

[7] *See Jones v. Sears Roebuck & Co.*, 80 Wis.2d 321, 325, 259 N.W.2d 70 (1977).

[8] *Commercial Disc. Corp. v. Milwaukee Western Bank*, 61 Wis. 2d 671, 675–76, 214 N.W.2d 33 (1974).

whether or not the patients ultimately were treated by faculty—were done by faculty physicians. Even if a faculty member treated a patient and thereafter directly or indirectly received remuneration from that person, such treatment was part of the instructor's educational tasks in that it was done with the understanding that residents would observe and assist in the treatment. We do not doubt that Mrs. Mannino perceived Dr. Davenport to be acting in a private capacity after he quoted to her the $1,000 fee. However, sec. 895.45, Stats., does not create an exception for plaintiffs who have an honest but mistaken belief about the status of the defendant as a state employee. We conclude there was not a material dispute of fact calling for a trial resolution.

The plaintiffs' principal argument on appeal is that the failure of the defendants to raise the objection of lack of notice under sec. 895.45, Stats., by virtue of their initial responsive pleading constitutes a waiver of their rights under that statute.

The plaintiffs argue that sec. 895.45, Stats., is not a notice of claim statute and therefore is not a "condition precedent" to the existence of their action as contemplated by our decision in *Schwartz v. Milwaukee,* 43 Wis. 2d 119, 168 N.W.2d 107 (1969). It is argued that the notice required by sec. 895.45 is a condition precedent to personal jurisdiction, that the absence of notice gives rise to an objection which can be and has been waived by the defendants' failure to raise it in timely fashion. In the alternative, it is argued that sec. 895.45 is basically a "notice of injury" statute which, as a procedural notice, may be waived.

The plaintiffs' claim that sec. 895.45, Stats., is a waivable condition precedent to obtaining personal jurisdiction over a defendant is without merit. The essence of personal jurisdiction is a matter of physical presence

within, or minimum contact with, the state.[9] The notice requirement under sec. 895.45 is not concerned with matters of personal jurisdiction.

The Manninos also claim that sec. 895.45, Stats., is essentially a notice of injury statute and the right to notice may be waived. We agree that sec. 895.45(1) contemplates a procedural device which is essentially a notice of injury. However, we conclude that the lack of this notice of injury is a defense which is not waived by the failure to affirmatively assert it as part of a responsive pleading.

In the past, this court has distinguished between statutes which require a notice of claim and statutes requiring a notice of injury. A notice of injury statute, unlike the notice of claim requirement, seeks to provide the proper authorities with an opportunity to investigate a claim which is not stale. *Pattermann v. Whitewater*, 32 Wis.2d 350, 357, 145 N.W.2d 705 (1966). The purpose of the notice of claim is to afford the municipality or governmental unit the opportunity to avoid needless litigation and to amicably settle all reasonable claims. *Id.* at 357. *See also* 56 Am. Jur.2d, *Municipal Corporations*, sec. 686, p. 730.

Sec. 895.45, Stats., does not require a notice of claim in the usual sense. It is worth noting that sec. 895.45 concerns an action against an individual state employee and does not contemplate a lawsuit against the state. The state has retained its procedural immunity from suit. *Fiala v. Voight*, 93 Wis.2d 337, 286 N.W.2d 824 (1980). This fact suggests that a notice of claim requirement does not belong within the context of sec. 895.45. As stated above, the purpose of the notice of claim is to allow the governmental unit to avoid needless litigation. Such notices are without purpose where, as here, the govern-

[9] *Oxmans' Erwin Meat Co. v. Blacketer*, 86 Wis.2d 683, 687, 273 N.W.2d 285 (1979).

mental unit retains immunity from suit. Sec. 895.45 differs from other statutes which authorize a claim and allow an action against the state after disallowance of the claim. *See, e.g.,* secs. 114.065 and 345.05.

Unlike the notice of claim statute, the notice of injury requirement seeks to apprise the proper authorities of a potential claim for the purpose of investigation and evaluation. It generally requires the plaintiff to report the circumstances of the event causing loss. *See* sec. 895.43(1)(a), Stats.[10] Notice of injury statutes are also characterized by a time limitation. *See* sec. 81.15, 1975 Stats. However, they generally do not require the injured party to demand a sum certain in satisfaction of losses sustained. Sec. 895.45 possesses these basic features.

In light of the similarity between sec. 895.45(1), Stats., and other notice of injury statutes, it is proper

[10] Sec. 895.43, Stats., has recently been recodified at sec. 893.80. *See* Laws of 1979, ch. 323, sec. 30. That statute provides in relevant part:

"(1) No action may be brought or maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of the corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment upon a claim or cause of action unless:

"(a) Within 120 days after the happening of the event giving rise to the claim, written notice of the circumstances of the claim signed by the party, agent or attorney is served on the volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 801.11. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the claim and the claimant shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicial to the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe." *See also* sec. 81.15, 1975 Stats.

to analyze the question of waiver in light of our earlier decisions construing the effect of the lack of compliance with a notice of injury requirement.

In *Ocampo v. Racine,* 28 Wis.2d 506, 137 N.W.2d 477 (1965), the court considered the effect of the failure to comply with the notice of injury provision under sec. 81.15, 1965 Stats.[11] That statute provided:

". . . No such action shall be maintained unless within 120 days after the happening of the event causing such damages, notice in writing signed by the party, his agent or attorney shall be given to the county clerk of the county, a supervisor of the town, one of the trustees of the village or mayor or city clerk of the city against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such county, town, city or village. . . ."

It was held in that case that the giving of the notice was a condition precedent to maintenance of the cause of action against Racine County. The failure to properly plead compliance with the notice of injury statute was sufficient ground to sustain a demurrer to the complaint. This rule was reaffirmed in *Raisanen v. Milwaukee,* 35 Wis.2d 504, 151 N.W.2d 129 (1967).

In construing sec. 895.43, Stats.,[12] the court applied a different rule of pleading. In the case of *Majerus v. Milwaukee County,* 39 Wis.2d 311, 159 N.W.2d 86 (1968), the plaintiff brought an action against the defendant without pleading compliance with the sec. 895.43 notice of injury requirement. Taking into consideration the actual notice alternative to a written notice requirement under the statute, the court construed this statute "as requiring the pleading of lack of compliance . . . as

[11] This statute has been incorporated by reference into sec. 895.-43, Stats., Laws of 1977, ch. 285, sec. 5.

[12] *See* footnote 10.

a defense." *Id.* at 317. The Manninos' position on this appeal, *i.e.*, that a notice of injury requirement is waived if not asserted as a defense in a responsive pleading, gains a measure of support in light of this decision.

The case of *Majerus v. Milwaukee County*, supra, despite the language noted above, is not authority for a rule which establishes a notice of injury requirement as a waivable defense. It is clear that the *Majerus Case* establishes only a rule of pleading. The court's opinion provides:

> "Compliance is a *condition in fact requisite to liability*, but it does not follow that the pleading of compliance is a condition to stating a cause of action.
> ". . . in respect to liability . . . the plaintiff has the burden of proving the giving of . . . notice of injury. . . ." *Id.* at 317. (Emphasis added.)

Compliance with sec. 895.43 is a " 'condition in fact requisite to liability' " but is not a condition required for stating a cause of action. *Rabe v. Outagamie County*, 72 Wis.2d 492, 498, 241 N.W.2d 428 (1976).

In a fashion similar to sec. 81.15, 1965 Stats., and sec. 895.43, the terms of sec. 895.45 provide that no action *may be brought* unless a notice is served upon the attorney general. In light of our construction of other notice of injury statutes, we conclude that compliance with sec. 895.45(1) is necessary to warrant recovery against a state employee. Where a plaintiff has failed to comply with the terms of the statute and this defect is properly raised by a motion for summary judgment, the defendant is entitled to prevail whether or not he has raised the matter of noncompliance in his responsive pleading. This rule is in accord with the general view that notice of injury requirements cannot be waived.[13]

We are not persuaded by the plaintiffs' reliance upon *Maurer v. Northwestern Iron Co.*, 151 Wis. 172, 138 N.W.

---

[13] 1 Am. Jur., *Actions*, sec. 82, p. 611.

636 (1912), for the proposition that lack of compliance with a notice of injury statute may be waived. In discussing the notice of injury requirement, the court wrote that

"The giving of the notice is the material thing. It is made a condition precedent to the maintenance of an action to recover damages. It is not a condition of the existence of a cause of action but one of limitation upon opportunity to judicially enforce an existing such cause. While not a statute of limitation, in the technical sense, it is so near akin thereto as to be classed therewith and called 'a statute in the nature of a statute of limitation.' *Meisenheimer v. Kellogg*, 106 Wis. 30, 81 N.W. 1033; *Gatzow v. Buening*, 106 Wis. 1, 81 N.W. 1003; *Malloy v. C. & N. W. R. Co.*, 109 Wis. 29, 85 N.W. 130. So classed, the doctrine as to waiver of the right to insist upon the benefit of the statute by failure to raise the question by answer or special demurrer, in case of the fact appearing upon the face of the complaint, or by answer where it does not, has been adopted in respect thereto, . . . ." *Id.* at 173–74.

The *Maurer* decision is not convincing in several respects. An examination of the opinion reveals that the facts of the case involved a situation of estoppel and not merely waiver. The facts of *Maurer* closely parallel the facts in the cases of *Harte v. Eagle River*, 45 Wis.2d 513, 173 N.W.2d 683 (1970), and *Lang v. Cumberland*, 18 Wis.2d 157, 118 N.W.2d 114 (1962), wherein the court held that the defendants were estopped by their conduct from asserting lack of notice as a bar to plaintiff's recovery. It is true that some cases do hold that the failure to allege a lack of notice of injury as an affirmative defense constitutes a waiver. *See Malloy v. Chicago & Northwestern Railway Co.*, 109 Wis. 29, 85 N.W. 130 (1901); *Meisenheimer v. Kellogg*, 106 Wis. 30, 81 N.W. 1033 (1900). These cases, however, were predicated on a view of the notice of injury statute as essentially a statute of limitations. That view has been subsequently

rejected. The notice of injury statute "is not a statute of limitation but imposes a condition precedent to the right to maintain an action." *Nelson v. American Employers' Ins. Co.*, 262 Wis. 271, 276, 55 N.W.2d 13 (1952).

We therefore conclude that this action must be dismissed for failure to comply with sec. 895.45(1), 1975 Stats.

■ The final argument advanced by the Manninos concerns the constitutional propriety of applying sec. 895.45, Stats., as a bar against them in this action. Relying principally on *Ocampo v. Racine*, 28 Wis.2d 506, 137 N.W.2d 477 (1965), the plaintiffs argue that compliance with sec. 895.45 was "almost impossible" and was thus violative of the plaintiffs' right to due process under the United States and Wisconsin Constitutions, and their right to recovery under Art. I, sec. 9 of the state constitution.

In *Ocampo*, this court held that sec. 81.15, Stats. was not unconstitutional as applied to a minor who would not attain legal majority until well after the statutory notice time had run. It was concluded that:

> "A condition is unreasonable when compliance with it is almost impossible and in essence the individual is given no right of recovery.
> "The one-hundred-twenty-day notice requirement is not unreasonable or unjust if the purpose of this requirement is taken into consideration." *Supra* at 513.

The one hundred-twenty-day notice period was sustained as constitutional.

The plaintiffs contend that *Ocampo* is authority for a case-by-case determination of unreasonability in the application of a notice of injury requirement to a legally competent individual. Assuming such a proposition to be true, we are not convinced that in this case the application of sec. 895.45, Stats., was unreasonable in the sense

that compliance with the statute was almost impossible and that, in essence, the plaintiffs were denied a constitutional right of recovery. At every juncture, the plaintiffs dealt with persons employed by the University of Wisconsin. Mrs. Mannino initially contacted University Hospitals and was referred to Dr. Davenport, a member of University Hospitals' staff. Dr. Davenport thereafter referred the plaintiff to Dr. Strand, a resident physician. Subsequently, surgery was performed by Dr. Strand at University Hospitals. The plaintiffs were not under any physical or legal disabilities after the operation. Under these facts and circumstances, the Manninos should have known that they were dealing with state employees. In light of the plaintiffs' own view of the applicable constitutional test, compliance with sec. 895.45, Stats., was not unreasonable so as to offend the plaintiffs' due process rights or their right to recovery.

The judgment of the trial court must be affirmed. As applied to the facts of this case, no constitutional provision is offended by the operation of sec. 895.45, Stats. The failure of the defendant physicians to affirmatively plead the defense of lack of notice under sec. 895.45 did not amount to a waiver. Under the language of the statute and the prior decisions of this court, such notice is a condition in fact requisite to recovery by the plaintiff and summary judgment is a proper vehicle to determine the fate of a plaintiff's cause where notice is lacking.

We do not enthusiastically endorse the result in this case. As exemplified by this decision, the requirements of sec. 895.45(1), Stats., produce harsh consequences. Nevertheless, the terms of this legislative enactment must be applied in accord with their plain meaning, and we are not free to ignore their import. Although the goals sought to be achieved by this statute are not improper, we would recommend that the legislature examine

the possibility of attaining these objectives through less drastic means.

*By the Court.*—Judgment affirmed.

ABRAHAMSON, J., took no part.