RICHARD A. ERNEY, Director State Historical Society of Wisconsin
You have requested my opinion on the following questions:
1. Is the State Historical Society of Wisconsin a state agency?
2. Are the members of the Board of Curators covered by sections893.82 and 895.46, Stats.?
3. Are the members of the Board of Curators required to make financial disclosures under section 19.43?
Your first question arises out of the tact that the society was initially chartered as a private corporation. See Ch. 17, Laws of 1853. This legislative description continued for almost one hundred years. During that period the society was generally considered to be a private corporation, created for public purposes. State ex rel. Wisconsin Dev. Authority v. Dammann,228 Wis. 147, 172 277 N.W. 278 (1938); 36 Op. Att'y Gen. 285 (1947).
In 1949, the Legislature amended the corporate description of the society by adding the words, "Said society shall be an official agency . . . of the state." See Ch. 52, sec. 13, Laws of 1949; sec. 44.01, Stats. (1949). This office in 39 Op. Att'y Gen. 110, 113 (1950), concluded that the legislative description, "official agency," in chapter 52, Laws of 1949, was merely a recognition of the fact that over the years the society had become a state agency through increased legislative control over the act of the society. The legislative description of 1949 continued for twenty years.
As a consequence of the general state reorganization act (ch. 276, Laws of 1969), section 44.01. Stats (1949), appeared in the 1969 statutes as section 44.01(1) and provided: "The historical society shall constitute a body politic and corporate by the name of `The State Historical Society of Wisconsin,' may sue and be sued, and shall possess all the powers necessary to accomplish the objects and perform the duties prescribed by law."
The reorganization act renewed the question of the legal status of the society because it deleted the reference to the state agency and relied on the original 1853 Corporate Charter description. In an attempt to correct this situation, the legislature in chapter 125. section 302, Laws of 1971, amended section 44.01(1) to its present *Page 56 
language which describes the society as: "[A] body politic and corporate by the name of `The State Historical Society of Wisconsin,' and shall possess all the powers necessary to accomplish the objects and perform the duties prescribed by law. The historical society shall be an official agency and the trustee of the state." This legislative description of the society is arguably ambiguous because it encompasses the corporate charter language of 1853 along with the designation "official agency."
In Majerus v. Milwaukee County, 39 Wis.2d 311, 159 N.W.2d 86
(1968), the court at page 315 describes the wide variety of state boards created by the Legislature:
 While some state boards are created a body corporate with the power to sue and be sued, other bodies corporate do not have the right to sue or be sued. Some agencies are not separate corporate bodies but they may sue and be sued. Other divisions of the state government have neither corporate status nor authority to sue or be sued.
The situation described in Majerus has become further complicated by the state's use of private corporations to accomplish public purposes that the state cannot directly perform because of constitutional restraints. In State ex rel. Warren v.Nusbaum, 59 Wis.2d 391, 208 N.W.2d 780 (1973), the court discussed the power of the Legislature to create corporate entities separate and distinct from state government which have the ability to achieve state objectives which the state could not directly accomplish. These corporations have been referred to as "independent going concerns" or ignobly as "dummy" corporations. Apparently, in recognition of the variety of legislative descriptions and consequent confusion, the court in Warren held that it would, in effect, ignore the legislative denomination given to the entity in question and look to its powers and structure in order to determine its nature, i.e., whether the entity is a private corporation or a state agency. As noted inWarren the leading case on this issue is Sullivan v. Board ofRegents of Normal Schools, 209 Wis. 242, 244 N.W. 563 (1932).Also see Lister v. Board of Regents, 72 Wis.2d 282, 292-293,240 N.W.2d 610 (1976). In Sullivan the court discussed numerous criteria which would distinguish a private corporation from a state agency. These criteria, for our purposes, can be simply stated as a means of measuring the degree of state control over the operations and functions of the *Page 57 
entity. Obviously, if the Legislature controls the entity, it cannot fit the description of an "independent going concern."
In examining the society, we find:
1. That its operations are largely controlled by chapter 44.
2. That its funding is controlled by section 20.245.
3. That its trust funds are administered by the State of Wisconsin Investment Board under section 25.17(3)(c).
4. That the positions of director, associate director, assistant directors and librarian of the society are provided for by statute. See sec. 230.08(2)(c), Stats.
5. That, except as described above, the employes of the society are all state employes largely falling into or covered by the classified service. See sec. 230.08(3), Stats.
6. That the society holds all property as trustee for the state. See sec. 44.01(1), Stats.
7. That the composition of the Board of Curators is set by the Legislature. See sec. 15.70, Stats.
The above list is not intended to be all inclusive, but it is sufficient to illustrate that the society has few, if any, of the attributes of an "independent going concern" or private corporation. The activities and operations of the society are subject to legislative control and, accordingly, it is my opinion that the society is a state agency.
You also ask whether the members of the Board of Curators are covered by sections 893.82 and 895.46.
The answer to this question is, yes.
Section 893.82 is the claims statute which sets forth the manner in which state employes and officers must be sued. Section895.46 provides for the indemnification of state employes and officers in the event an action under section 893.82 results in a judgment against the officer or employe. The members of the Board of Curators are state officers. Burton v. State Appeal Board,38 Wis.2d 294, 156 N.W.2d 386 (1968).
Your last question asks whether the Board of Curators is required to make the financial disclosures required by section19.43.
Section 19.43 states in part: "Each individual who in January of any year is an official required to file shall file a statement of economic *Page 58 
interests with the board no later than April 30 of that year." (Emphasis supplied.)
The statutory language "official required to file" is defined in section 19.42(10). The only definition relevant to this discussion is found in section 19.42(10)(d) which provides: "A state public official whose appointment to state public office requires the advice and consent of the senate."
The composition of the Board of Curators is prescribed in section 15.70 and consists of:
(1) The governor, or his or her designee.
 (2) The speaker of the assembly or his or her designee chosen from the representatives to the assembly.
 (3) The president of the senate or his or her designee chosen from the members of the senate.
 (4) Three members nominated by the governor and with the advice and consent of the senate appointed for staggered 3-year terms.
 (5) Members selected as provided in the constitution and bylaws of the historical society. After July 1, 1986, the number of members on the board of curators selected under this subsection may not exceed 30.
 (6) One member of the senate from the minority party in the senate and one representative to the assembly from the minority party in the assembly, appointed as are members of standing committees in their respective houses.
The Governor, the speaker of the assembly or designee, the president of the senate or designee and the minority party members are all required to file by virtue of their elective office. Sec. 19.42(10)(c), Stats. They are not required to file because of their position on the Board of Curators. In the event the Governor appoints a designee to the Board of Curators, such person would not be required to file by virtue of such appointment. The board members who are selected under the constitution or bylaws of the society are not required to file because they do not fall within the definition of "official required to file." However, the three board members nominated by the Governor with the advice and consent of the senate would be required to make financial disclosures by *Page 59 
virtue of their appointment to the Board of Curators. Sec.19.42(10)(d), Stats.
BCL:CAB